[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11066
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20679-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2017)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Francisco Torres appeals his 214-month sentence of imprisonment after pleading guilty to carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Torres argues that his sentence is both procedurally and substantively unreasonable.  In particular, Torres contends that the 214-month sentence is beyond what was necessary to adequately deter criminal conduct and that a substantially shorter sentence was warranted in light of his history and characteristics, including his rough upbringing, longstanding problems with drug and alcohol addiction, and acceptance of responsibility.  After careful review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *United States v. Brown*, 772 F.3d 1262, 1266 (11th Cir. 2014).  The district court must impose a procedurally and substantively reasonable sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008).  In reviewing for procedural reasonableness, we make sure that the court properly calculated the guideline range, treated the guidelines as advisory and not mandatory, considered the 18 U.S.C. § 3553(a) sentencing factors, did not rely on clearly erroneous facts, and adequately explained the chosen sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Our review for substantive reasonableness "involves examining the totality of the circumstances, including an inquiry into

whether the statutory factors in § 3553(a) support the sentence in question." *Gonzalez*, 550 F.3d at 1324.

The district court is charged with selecting a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing listed in § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes are retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"), deterrence ("to afford adequate deterrence to criminal conduct"), incapacitation ("to protect the public from further crimes of the defendant"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). *See id.* § 3553(a)(2)(A)–(D). The court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, any relevant policy statements from the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *See id.* § 3553(a)(1)–(7).

To arrive at an appropriate sentence, the district court must correctly calculate the guideline range, consider the § 3553 factors, and "make an individualized assessment based on the facts presented." *Brown*, 772 F.3d at 1266 (internal quotation marks omitted). The court may, in its discretion, give greater

weight to some factors over others.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

After deciding on an appropriate sentence, the district court must "state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c).  In doing so, the court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 357 (2007).  We do not require a sentencing court to explicitly discuss each § 3553(a) factor, and it is generally sufficient for the court to explicitly acknowledge that is has considered both the parties' arguments and the § 3553(a) factors.  *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005).  In a conceptually simple case where "the record makes clear that the sentencing judge considered the evidence and arguments," even a very brief statement of reasons is legally sufficient.  *Rita*, 551 U.S. at 358–59.

The deference we accord to the district courts' sentencing decisions is "substantial," but not unlimited.  *See Rosales-Bruno*, 789 F.3d at 1254–56.  A court may abuse its considerable discretion by failing to afford consideration to relevant factors that were due significant weight, giving significant weight to improper or irrelevant factors, or committing a clear error of judgment in weighing the proper factors.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en

4

*banc*); *see also United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (stating that a district court's unjustified reliance upon any one factor to the exclusion of other factors indicates an unreasonable sentence). In general, we will vacate a sentence only if we are left with a definite and firm conviction that the court chose "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

Here, Torres's sentence was both procedurally and substantively reasonable. Torres argues that the district court failed to give an adequate reason that could justify the 214-month sentence imposed, but the record shows otherwise. Torres premises his argument on his belief that the guideline range of 262 to 327 months of imprisonment, though correctly calculated, was unreasonable as applied to him. He asserts that the range overstates the seriousness of his criminal history because he "barely qualified for the career offender enhancement," which was based on two convictions for controlled-substance offenses, and that his guideline range would have been 60 months without the enhancement.[1]

The district court, however, considered Torres's arguments on this point and simply disagreed, providing a reasonable explanation for why it found the career-

---

[1] The Probation Office issued a draft presentence investigation report recommending a range at the statutory minimum of 60 months of imprisonment. Soon after, the government notified Probation of a prior conviction which had been omitted from the draft report and which qualified Torres for the career-offender enhancement, as his counsel conceded at sentencing. The final presentence investigation report reflects the career-offender range above, which was derived from U.S.S.G. § 4B1.1(c)(1) and (3).

offender-enhanced range appropriate in this case.  The court appears to have agreed with Torres on the general proposition that the enhanced range was excessive for someone with a history of only drug crimes or non-violent conduct.  But the court reasonably concluded that Torres's case was distinguishable in light of his history of gun possession and violent conduct.  Citing undisputed statements in the presentence investigation report ("PSR"), the court noted that Torres had two prior convictions for unlawful firearms possession as well as a number of arrests for violent conduct, including striking a victim with a hammer, threatening to kill his mother, and grabbing his girlfriend by the throat and punching her.  Although these violent incidents did not lead to convictions, the court was permitted to rely on these undisputed facts at sentencing.  *See United States v. Lopez-Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009) (stating that the failure to object to allegations of fact in the PSR admits those facts for sentencing purposes).  In light of these specific facts, the district court reasonably concluded that the career-offender range was appropriate in this case.

At the same time, the district court was not unsympathetic to Torres's arguments in mitigation.  Indeed, after hearing Torres's arguments at sentencing, the court granted a "modest" downward variance from the guideline range based on Torres's long history with drugs and what the court described as *de minimis* drug offenses in his criminal history.  Thus, the record shows that the court

6

considered these mitigating factors, in addition to the aggravating factors discussed above.  The weight to be given the § 3553(a) factors, whether great or slight, was a matter for the district court, and Torres has not shown that the court imposed a sentence outside the range of reasonable sentences based on the facts of this case. *See Irey*, 612 F.3d at 1190; *Rosales-Bruno*, 789 F.3d at 1254.

Finally, we note that the 214-month sentence fell below the guideline range and well below the statutory maximum of life imprisonment.  These facts also indicate that the sentence imposed was not unreasonable.  *See Gonzalez*, 550 F.3d at 1324 (stating that we usually expect sentences within the guideline range to be reasonable, and relying on the fact that the defendant's sentence was "well below" the statutory maximum in concluding that the sentence was reasonable).

For these reasons, we affirm the sentence as both procedurally and substantively reasonable.

**AFFIRMED.**